UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

UNITED STATES OF AMERICA,              )
                                       )   Case No: 1:08-CR-22
        v.                             )
                                       )
RAYMOND PATILLO.                       )   Chief District Judge Curtis L. Collier
                                       )

**MEMORANDUM & ORDER**

Before the Court are the government's motions (Court File Nos. 34, 35) to dismiss the third-party petitions filed by Christie Patillo (Court File No. 24) and N.A. Jackson (Court File No. 27). Neither individual filed a response. For the following reasons, the Court **GRANTS** the motions (Court File Nos. 34, 35) and **DISMISSES** the petitions.

The Court issued an agreed preliminary order of forfeiture for a 2007 GMC NC1 Sierra pickup truck (Court File No. 21). The government gave appropriate notice (Court File Nos. 23, 28), to which Christie Patillo ("Patillo") and N.A. Jackson ("Jackson") filed petitions asserting interests in the property subject to the forfeiture order (Court File Nos. 24, 27). Patillo's petition asserts her husband, Defendant Raymond Patillo ("Defendant"), wanted her to have the vehicle for transportation so she could work and go to school (Court File No. 24). Jackson's petition does not indicate the nature of her interest in the property (Court File No. 27).

Defendant has filed a notice of appeal in this case (Court File No. 31). A district court, however, has jurisdiction to consider third party claims to property pursuant to 21 U.S.C. § 853(n) even after a notice of appeal has been filed by the defendant. *See Berman v. United States*, 302 U.S. 211, 214 (1937) (holding the district court lacks jurisdiction to consider the defendant's claims after a notice of appeal is filed); *United States v. Libretti*, 38 F.3d 523, 527 (10th Cir. 1994) (holding the

notice of appeal divests jurisdiction only as to defendant's claims).

In order to assert a legal interest in property subject to forfeiture, a third party must file a petition for a hearing to determine the validity of the party's alleged interest in the property. 21 U.S.C. § 853(n)(2). The petition must (1) be "signed by the petitioner under penalty of perjury" and (2) "set forth the nature and extent of the petitioner's right, title, or interest in the property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property, any additional facts supporting the petitioner's claim, and the relief sought." § 853(n)(3). A petition that lacks standing or fails to state a claim may, on motion, be dismissed by the court. Fed. R. Crim. P. 32.2(c)(1)(A).

The government asserts Patillo's petition fails to meet the procedural and standing requirements of 21 U.S.C. § 853(n). Her petition is not signed under penalty of perjury. Even if the procedural deficiency were not fatal, the petition does not allege an interest in the property subject to forfeiture that could be superior to the government's claim. Patillo alleges she was told Defendant wanted her to have use of the vehicle for transportation. In a forfeiture action, the government takes the Defendant's interest in the property as it existed at the time of the illegal activity. 21 U.S.C. § 853(c). Even assuming Defendant promised Patillo the use of the vehicle, this does not establish a legal interest in the vehicle that would prevent the government from taking the vehicle in forfeiture.

The government contends Jackson's petition also fails to comply with 21 U.S.C. § 853(n). Jackson's petition does not set forth the nature and extent of her right, title, or interest in the property the time and circumstances of her acquisition of any interest, or any facts supporting her claim. The petition is not signed under penalty of perjury. In addition to failing to comply with the procedural

2

requirements of 21 U.S.C. § 853(n), Jackson's petition fails to state a claim.

As neither petition states a claim nor meets the procedural requirements of 21 U.S.C. § 853(n), the Court **GRANTS** the motions (Court File Nos. 34, 35) and **DISMISSES** the petitions (Court File Nos. 24, 27) under Fed. R. Crim. P. 32.1(c)(1)(A).

SO ORDERED.

ENTER:


**/s/**
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**