UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| RAYMOND SEBASTIAN PATILLO, | ) | |
| | ) | |
|     a.k.a.  NEW YORK | ) | |
| | ) | |
| v. | ) | 1:08-cr-22\1:09-cv-179 |
| | ) | *Chief Judge Curtis L. Collier* |
| UNITED STATES OF AMERICA | ) | |

**MEMORANDUM**

Raymond Sebastian Patillo, a.k.a. New York ("Patillo") filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (Court File No. 37).[1] Patillo incorrectly indicated, in his § 2255 motion, that he did not appeal his judgment of conviction (Court File No. 37). Subsequent to the Court ordering the government to file a response, Patillo filed a motion requesting to withdraw his § 2255 motion because his direct appeal is pending in the United States Court of Appeals for the Sixth Circuit (Court File No. 45). Patillo's direct criminal appeal is pending before the Sixth Circuit Court of Appeals in Case No. 08-6282.

After reviewing the law and the record, the Court concludes Patillo's motion to set aside/withdraw his § 2255 motion will be **GRANTED** (Court File No. 45) and his § 2255 motion will be denied without prejudice as it was filed prematurely. Thus, the government shall not file a response.

Patillo's conviction has not become final for purposes of the one-year limitation period under 28 U.S.C. § 2255 since he presently has an appeal pending. Consequently, he has prematurely filed his § 2255 motion. Absent extraordinary circumstances, a district court should not entertain

---

[1]     Each document will be identified by the Court File Number assigned to it in the underlying criminal case.

a § 2255 motion while a direct appeal from the same conviction is still pending. *United States v. Milledge*, 109 F.3d 312, 315 (6th Cir. 1997);*United States v. Diaz-Martinez,* 71 F.3d 946, 953 (1st Cir. 1995); *United States v. Buckley,* 847 F.2d 991, 993 n.1 (1st Cir. 1988), *cert. denied,* 488 U.S. 1015 (1989); *United States v. Esposito,* 771 F.2d 283, 288 (7th Cir. 1985), *cert. denied,* 475 U.S. 1011 (1986); *United States v. Davis,* 604 F.2d 474, 484 (7th Cir. 1979); *United States v. Gordon,* 634 F.2d 638, 639 (1st Cir. 1980); *Womack v. United States,* 395 F.2d 630, 631 (D.C. Cir. 1968). *See also, Gray v. United States,* 82 F.3d 418 (6th Cir. 1996) (unpublished table decision), *available in* 1996 WL 160792; *United States v. Leggett,* 23 F.3d 409 (6th Cir. 1994) (unpublished table decision), *available in*1994 WL 171441, at*1, *2; *Bishop v. United States,* 914 F.2d 1494 (6th Cir. 1990), (unpublished table decision), *available in*1990 WL 140602. The orderly administration of justice precludes a district court from considering a § 2255 motion while review of the direct appeal is still pending, unless there are existing extraordinary circumstances that warrant consideration of the defendant's § 2255 motion during the pendency of the direct appeal. *United States v. Diaz-Martinez,* 71 F.3d at 953. Whether extraordinary circumstances exist is a question answered by balancing the need for speedy relief against the need for conservation of judicial resources. *United States v. Robinson,* 8 F.3d 398, 405 (7th Cir. 1993); *United States v. Davis,* 604 F.2d at 484.

Nothing approaching an extraordinary circumstance is apparent in the motion or the record in this case. Accordingly, the Court concludes that the motion to set aside/withdraw Patillo's § 2255

motion will be **GRANTED** (Court File No. 45), and his motion for post conviction relief will be

**DENIED WITHOUT PREJUDICE** (Court File No. 37)**.**[2]

       An appropriate judgment will enter.


              **/s/**
              **CURTIS L. COLLIER**
              **CHIEF UNITED STATES DISTRICT JUDGE**

---

[2]     *See United States v. Jenkins,* 4 Fed. Appx. 241 (6th Cir. Feb. 6, 2001) (unpublished decision), *available in* 2001 WL 128435, at *1. (The district court denied defendant's first § 2255 motion without prejudice because his direct appeal was pending. When the defendant sought permission from the Sixth Circuit to file a second § 2255 motion the Sixth Circuit determined it was not necessary because the first § 2255 motion was not dismissed on the merits. Therefore, the Sixth Circuit transferred the case back to the district court for further proceedings.)